

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2008

# USA v. Wood

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3741

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wood" (2008). *2008 Decisions.* Paper 419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3741
_____

UNITED STATES OF AMERICA

v.

SHAHEED WOOD,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cr-00431)

Before: Scirica, McKee and Smith,
*Circuit Judges*

Submitted pursuant to Third circuit LAR 34.1(a)
September 8, 2008

Opinion filed: October 2, 2008

OPINION

McKee, Circuit Judge

Shaheed Wood appeals a sentence that was imposed following his conviction for

conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. §

1951(a) and aiding and abetting interference with interstate commerce as well as using

and carrying a firearm during, and in relation to, a crime of violence in violation of  18

1

U.S.C. § 924(c). For the reasons that follow, we will affirm the judgment of sentence.

We previously set forth the factual background of this appeal when we affirmed the judgment of conviction on Wood's direct appeal. *See U. S. v. Shaheed Wood*, 486 F.3d 781 (3d Cir.2007). Although we affirmed the conviction, we reversed the upward adjustment the court had imposed pursuant to U.S.S.G. §3A1.2, and we remanded to the trial court for a determination of whether Wood's juvenile adjudications resulted in "a juvenile sentence to confinement of at least 60 days," pursuant to U.S.S.G. §4A1.1(b) and U.S.S.G. §4A1.2(d)(2)(A).

Wood now challenges the sentence imposed on remand arguing that the privileges and opportunities he was afforded while confined at the juvenile facilities he was sentenced to were such that he did not serve a "juvenile confinement" under the sentencing guidelines. However, despite the fact that Woods was afforded such liberties as home visits and participation in educational programs, we do not accept his contention that his juvenile sentences fall short of the level of restriction required for "confinement" under the Guidelines. The rehabilitative nature of his stay at those juvenile institutions does not negate the reality that he was nevertheless sentenced to "confinement" for a period in excess of sixty (60) days and that those sentences constitute "juvenile confinement" pursuant to U.S.S.G. 4A1.2(d)(2)(A). *United States v. Davis*, 929 F2d 930 (3d. Cir. 1991), *See* also *United States v. Williams*, 291 F3d 1180, 1194 (9th Cir. 2002) (collecting cases). Accordingly, we will affirm the judgment of sentence.